37 So.2d 820

**STATE v. STEWART et al.**

**No. 39007.**

Nov. 8, 1948.

Alcide J. Weysham and James I. McCain, both of New Orleans, for defendants-appellants.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Herve Racivitch, Dist. Atty., Geo. McCulloch, and Alexander E. Ralston, Jr., Asst. Dist. Attys., all of New Orleans, for the State.

HAMITER, Justice.

The defendants, Joseph M. Stewart and his wife, Mrs. Augusta Stewart, were tried and convicted, by the Juvenile Court of Orleans Parish, under a charge of having contributed to the delinquency of a juvenile by aiding a girl sixteen years of age to perform an act of sexual intercourse. Each was sentenced to pay a fine of $500 and to serve one year in the Parish Prison; the sentence given Mrs. Stewart, however, was suspended.

Joseph M. Stewart alone has appealed.

The provision of the Louisiana Criminal Code, Act No. 43 of 1942, allegedly contravened by appellant, and on which the charge in question was based, recited:

"Art. 92. Contributing to the delinquency of juveniles is the intentional enticing, ·aiding, or permitting, by anyone over the age of seventeen, of any child under the age of seventeen to:

\* \* \* \* \* \*

"(7) Perform any immoral act; \* \* \*."

In this court, to quote from its brief, the State presents only the following argument:

"Since the trial and sentence in this proceeding, the Supreme Court of Louisiana, in the case of State v. Vallery, [212 La. 1095], 34 So.2d 329 (1948), has held Section 7 of Article 92 [of the Louisiana Criminal Code] to be unconstitutional.

"The Legislature of Louisiana, at its Regular 1948 Session, apparently recognizing the Vallery decision, enacted Act 388 which amended Section 7 of Article 92, whereby the word 'sexually' was inserted before the phrase 'immoral act'.

"In view of the foregoing, the State respectfully submits the matter." (Brackets ours.)

Inasmuch as appellant's conviction and sentence were for the violation of an unconstitutional provision of law, necessarily they must be set aside.

For the reasons assigned the conviction and sentence of Joseph M. Stewart are annulled and set aside, and it is ordered that he be discharged.